[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION UPON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION TO AMEND COMPLAINT
This opinion denies defendant's motion for summary judgment and grants plaintiff's motion to amend her complaint, in the interest of justice, despite that the filing of the potentially dispositive summary judgment motion preceded the effort to amend.
Plaintiff brought suit as the result of a March 11, 1999 fall involving an exterior stone and masonry staircase. The pleadings came to be closed in February, 2001. Five (5) months later, defendant deposed plaintiff and discovered that plaintiff did not fall while upon the treads of the steps but while descending one of the attached capped walls immediately alongside the stairs.
Coincidentally, the case came before the undersigned judge on June 13, 2002, for a "pre-trial."
Defendant announced at said pre-trial that he desired to obtain a ruling on the summary judgment motion (officially filed the week before) on the ground that no purported defect set out in the complaint played a role in plaintiff's injury.
It became apparent that counsel for plaintiff had likely originally misunderstood the details of plaintiff's fall or wrongly presumed thesteps of the staircase were directly implicated. The complaints in the file up to said point refer to the "exterior steps" being "cracked, broken and uneven" with the "risers . . . varied substantially."
At said pretrial, defendant noted it had just filed its summary judgment motion, not yet heard; plaintiff's counsel said he intended to seek to amend the complaint.
The short calendar argument on defendant's motion was set for June 25, 2002, twelve days after the pretrial. Before said argument, on June 18, CT Page 12774 2002, plaintiff filed for permission to amend (accompanied, of course, by the intended new complaint) as well as two days later, her objection to summary judgment.
Obviously, had the deposition testimony, with its more precise recitation of events, prompted plaintiff's counsel to seek to amendbefore defendant sought summary judgment, this court would not have had to decide whether summary judgment, if granted, terminates the case on its earlier complaint; the amendment to the complaint would almost certainly have been allowed were it not hindered by the intervening motion for summary judgment.
This court is of the opinion that allowance of the amendment is clearly the more equitable result. A situation such as this can create a "race" to the courthouse between the summary judgment motion and the attempted amendment. (Here, of course, this "race" would have to be entitled, "The Tortoise and the Tortoise" for defendant's first move for summary judgment came 8 and one-half months after the illuminating deposition (which deposition followed the closing of the pleadings by five (5) months).)
None of the cases defendant cites would compel the rejection of the amended complaint with a summary judgment motion on the table. Instead, said cases simply held the trial court not to have abused discretion where the lower court rejected the amendment.
Additionally, the court sees little prejudice to defendant.[1] For example, each photo this court saw at pretrial showed both the steps and
the attached sidewall, so that the (early, as the court recalls) photographic re-creation of the facts embraces the originally suspected steps and the more recently implicated sidewall.
Indeed, defendant's argument for contributory negligence is enhanced, for it seems that plaintiff chose to avoid the (risky) steps and voluntarily descend what was not intended to be a walking surface. (Defendant has alleged contributory negligence from the outset, including the arguably applicable allegation that plaintiff "failed to exit the property . . . at a suitable location."
The amended complaint is allowed and the defendant's motion for summary judgment is denied. Should defendant perceive the need to amend its answer, in its contributory negligence section, that, too, will be allowed.
Nadeau J. CT Page 12775